**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Omar Abdi MOHAMED, Defendant–**
**Appellant.**

No. 06–50018.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 2, 2006.

John Parmley, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mahir T. Sherif, Law Offices of Mahir T. Sherif, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts

Omar Abdi Mohamed appeals his sentence of 18 months, which was imposed after he was convicted of three counts of violating 18 U.S.C. § 1546(a) and three counts of violating 18 U.S.C. § 1015(a). We affirm.

 Mohamed's appeal is not moot even though he has served his sentence and been deported, since he continues to be subject to conditions of supervised release should he return to the United States.[1] We have previously held that being subject to supervised release suffices to keep a post-release challenge, aimed solely at the incarceration sentence already served, from being moot, since a district court has the discretion upon re-sentencing to reduce the continuing term of supervised release. *United States v. Allen,* 434 F.3d 1166, 1170 (9th Cir.2006).

 As to the merits of Mohamed's sentencing challenge, the district court did an analysis under the now-advisory Sentencing Guidelines, as it should, but made it crystal clear that it would have imposed the same 18 month sentence reasoning directly from the factors provided in 18 U.S.C. § 3553(a), regardless of the Guidelines analysis. Therefore, we need not separately examine the district court's computation of the Guidelines sentencing range. Rather, we can proceed directly to what is ordinarily the second step, reviewing the sentence for reasonableness. *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006); *United States v. Menyweather,* 447 F.3d 625, 633–34 (9th Cir. 2006) (ruling that any incorrect departure under the Guidelines was harmless error "because, under the unusual circumstances present in this third-time appeal, we recognize that the district court could—and

would—impose the same sentence again under the now-advisory Guidelines regime").

We conclude that the 18 month sentence was not unreasonable. Mohamed's argument that evidence was lacking to prove that any of his suspicious behavior was actually nefarious misses the mark. The factual issue the district court resolved for sentencing was not whether Mohamed had actually committed acts jeopardizing national security. Rather, the district court found only the simple existence of certain circumstances: that Mohamed had received money from organizations that would later be designated Specially Designated Global Terrorists and that this money's destination was unknown, that he had undisclosed employment with the government of Saudi Arabia, and that he had extensive foreign travel despite no apparent income to support it. The existence of these circumstances was proven by a preponderance of the evidence, and the district court's sentence was premised on the notion that these mysterious circumstances in Mohamed's background were so unusual as to differentiate his case from a normal case of immigration fraud. There was no assertion, and none was needed, as to the additional step of finding that any of these circumstances had actually led to, or was intended to lead to, any harm.

Mohamed's argument on the basis of *United States v. Biheiri,* 356 F.Supp.2d 589 (E.D.Va.2005), is not persuasive either. Although similar in some ways, *Biheiri* is distinguishable in that it did not involve employment by a foreign government or world travel sustained by unknown sources. *See id.* at 595–97. More importantly, a sentence is not unreasonable sim-

---

of this circuit except as provided by 9th Cir. R. 36–3.

1. Although Mohamed did not argue this basis in his opening brief, we decline to conclude

that Mohamed has waived this argument. The government has addressed the argument in its brief so it has not been disadvantaged.

ply because one district judge disagrees with another district judge elsewhere in the country. Mohamed's receipt of now unaccounted for money from organizations later designated Specially Designated Global Terrorists, undisclosed employment by a foreign government, and inexplicably extensive travel given his income combine to take his case outside of the norm for immigration fraud.

**AFFIRMED.**

---

\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.